IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LASHEA MOORE**                                                                **PLAINTIFF**

**V.**                                                   **NO. 4:22-CV-41-DMB-JMV**

**THE CITY OF CLARKSDALE,**
**MS, et al.**                                         **DEFENDANTS**

## ORDER

Based on an alleged violation of her constitutional right to be free from double jeopardy, Lashea Moore seeks a preliminary injunction enjoining her state court prosecution for felony simple assault on an educator. Because Moore has failed to show a likelihood of success on the merits of her double jeopardy claim, her request for injunctive relief will be denied.

## I
## Procedural History

On March 25, 2022, Lashea Moore filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Clarksdale, Mississippi; Police Chief Sandra Williams, in her individual and official capacities; Police Officer Fernando Harris, in his individual and official capacities; District Attorney Brenda F. Mitchell, in her official capacity; Assistant District Attorney Stephanie A. Brown, in her individual and official capacities; and "John Does 1–5." Doc. #1. Lashea[1] alleges 42 U.S.C. § 1983 violations of her Fourth, Fifth, Eighth, and Fourteenth Amendment rights and related state law claims based on her arrest and prosecution for simple assault and for simple assault on an educator. *Id.* at 7–13. In addition to damages, Lashea

---

[1] Since another person with the surname Moore is mentioned in the relevant facts section below, the plaintiff is referenced by her first name to avoid any confusion.

"requests injunctive relief against … Mitchell enjoining [Mitchell] from continuing to prosecute [her] in the Coahoma County Circuit Court in violation of the 5th Amendment." *Id.* at 11.

Lashea filed "Plaintiff's Motion for Injunctive Relief (Urgent and Necessitous Motion – Expedited Hearing Requested)" on April 29, 2022.[2] Doc. #6. The motion is fully briefed. Docs. #7, #17, #20. The Court held an evidentiary hearing on the motion on June 1, 2022. Doc. #28.

## II
## Standard

A preliminary injunction is warranted only if the movant establishes: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Big Tyme Invs., L.L.C. v. Edwards*, 985 F.3d 456, 463–64 (5th Cir. 2021) (internal quotation marks omitted). For a preliminary injunction to issue, the party seeking the injunction must "clearly carr[y] the burden of persuasion on all four requirements." *Id.* at 464. "Federal courts may consider the third and fourth [factors] together as they overlap considerably." *Texas v. Biden*, 554 F. Supp. 3d 818, 856 n.16 (N.D. Tex. 2021).

## III
## Relevant Facts

Lashea Moore was arrested by Kendrick Walker on October 14, 2019, following a physical altercation with Laqwenia Simon at Oakhurst Middle School. Doc. #31-2 at PageID 339–41. Under a section labeled "arrest charges," the arrest report states "SIMPLE ASSAULT 1st Offense" as the "Violation," and lists the statute as "97-3-7," with "bond to be set. assault on teacher." *Id.*

---

[2] Lashea originally filed the motion on April 28, 2022. Doc. #3. But because an exhibit was attached to the memorandum rather than the motion in violation of the Local Rules, the Clerk of Court advised Lashea to refile the motion. The exhibit was not included with the refiled motion.

at PageID 339. The next day, Lashea had an initial appearance for "Simple Assault on Educator"[3] before County Court Judge C. Kent Haney, who set bond at $50,000. Doc. #16-2.

Later the same day, Katrina Lynn Logan,[4] a deputy court clerk for the Clarksdale Municipal Court, "received a list of jail inmates." Lashea "was on the list as a simple assault charge" so Logan "entered her on the jail docket prior to court" that day. According to Logan, there was no charging affidavit in the municipal court file, only the incident report. Clarksdale Municipal Court Judge Carlos Moore held a hearing where he informed Lashea she was charged with simple assault and Lashea pled guilty to that charge. Judge Moore assessed a fine of $360 for the simple assault charge and directed Lashea to pay a $500 cash bond. However, an Abstract of Court Record reflects that the simple assault charge was dismissed and "going as felony per Chief Harris & Ramirez." Doc. #31 at PageID 332. The Abstract also shows "0.00" as the fine amount and the total assessment.[5] *Id.*

Lashea was indicted in the Coahoma County Circuit Court on December 5, 2019, for simple assault on an educator based on the same altercation with Simon. Doc. #16-1 at PageID 79. She subsequently filed in the circuit court a motion to dismiss arguing a double-jeopardy violation because she had already been convicted in the municipal court. *Id.* at PageID 95–100. The circuit court denied Lashea's motion, explaining that although Lashea "appeared at city court

---

[3] The statute referenced with the simple assault on an educator charge was "97-3-7(4)," which is clearly an error. There is no such crime contained in subsection 4 of Mississippi Code § 97-3-7. Rather, subsection 4 concerns a charge of aggravated domestic violence

> against a current or former spouse of the defendant or a child of that person, a person living as a spouse or who formerly lived as a spouse with the defendant or a child of that person, a parent, grandparent, child, grandchild or someone similarly situated to the defendant, a person who has a current or former dating relationship with the defendant, or a person with whom the defendant has had a biological or legally adopted child.

[4] Lashea called Logan as her only witness at the preliminary injunction hearing. Doc. #29.

[5] That same day, Lashea paid $500 to the municipal court for the cash bond. *See* Doc. #31 at PageID 334. According to Logan, this amount was refunded back to Lashea, Lashea never paid the fine for the simple assault charge or her other outstanding fines, and the municipal court does not have any of Lashea's money.

[on] October 15, 2019, and entered a plea to the misdemeanor charge of simple assault[; t]he court accepted such plea, [and] imposed a sentence of no jail time but a fine in the amount of $360," "[t]here was no affidavit filed which charged a crime over which the justice court would have had jurisdiction and without such an affidavit the justice court had no jurisdiction." *Id.* at PageID 105–06. The circuit court concluded that "[b]ecause the justice court lacked jurisdiction to accept [Lashea's] plea, the defendant was never in jeopardy[ and b]ecause there was no former jeopardy[,] the [felony] prosecution [was] not barred." *Id*. at PageID 108.

On May 25, 2022, Circuit Court Judge Charles Webster recused himself from Lashea's felony case. Doc. #31-1. According to Assistant District Attorney Stephanie Brown,[6] "[t]he practical implications for a circuit judge recusing himself is that … the case has to be reassigned" and Lashea's case "is not on any judges' active trial docket" but once the case is reassigned, she expects it to continue.

## IV
## Analysis

Lashea seeks a preliminary injunction "enjoining DA Mitchell and ADA Brown from continuing the second criminal action against [her] in violation of her constitutional right against double jeopardy."[7] Doc. #6 at 2. She argues that because "simple assault is a lesser included offense of simple assault on an educator," an injunction is necessary to protect her constitutional right against double jeopardy. Doc. #7 at 3. At the hearing, Lashea also argued that because "the

---

[6] Brown was the defendants' only witness at the injunction hearing. Doc. #29. She testified at the hearing that she is the Assistant District Attorney in the Eleventh Circuit, which includes Coahoma County.

[7] While Brown is not mentioned in the complaint's "Fifth Cause of Action" in which injunctive relief against Mitchell is expressly demanded, the complaint's "First Cause of Action" alleges that all "Defendants violated Plaintiff's rights against double jeopardy by initiating a subsequent criminal prosecution against Plaintiff after knowing that the Municipal Court had previously adjudicated the offense," "in violation of [Lashea's] civil and constitutional rights." Doc. #1 at 6, 7.

4

State … had complete control of the entire situation," any irregularities should be charged to it and the Court should "err on the side of caution" by granting injunctive relief.

Brown and Mitchell argue that (1) Lashea "is not entitled to extraordinary injunctive relief under Section 1983;" (2) "allowing [Lashea] to proceed here … before the final resolution of her criminal charges should not be allowed [because a]djudicating, or even litigating, this case now would run afoul of well-established *Younger* abstention principles;" and (3) "[s]uch action would also inappropriately thwart the *Heck* bar's potential future application to [Lashea]'s claims." Doc. #17 at 6. In response to Lashea's hearing arguments, the defendants asserted that asking the Court to err on the side of caution "in issuing a preliminary injunction goes against the very nature of a preliminary injunction which is an extraordinary remedy only granted in extraordinary circumstances."

### A. Federal Jurisdiction

Recognizing that "injunctive relief against a state actor is a serious matter and is not done customarily," Lashea submits that her case "is the exception that the United States Supreme Court contemplated in *Younger v. Harris*, 401 U.S. 37 (1971)." Doc. #7 at 1.

> Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.
>
> Where those three criteria are satisfied, a federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) where other extraordinary circumstances threaten irreparable loss that is both great and immediate.

*Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (cleaned up).

5

There can be no dispute that *Younger* applies to the facts presented here. The requested injunction would clearly interfere with the ongoing state judicial criminal proceedings, the state has a strong interest in enforcement of state criminal laws, and Lashea does not allege that she cannot raise her constitutional defense in the state court.[8] *Id.* ("The relevant question is whether the would-be federal plaintiff has the opportunity to raise his federal claims in state court.") (emphasis omitted). Accordingly, "*Younger* abstention precludes an injunction here unless one of the three narrow exceptions applies." *Id.* at 880–81.

Lashea argues that because double jeopardy includes protection against a second prosecution after conviction, an injunction is warranted because "the protection against double jeopardy would be completely obliterated if [she] is forced to defend a *second* prosecution." Doc. #7 at 2, 7. The Fifth Circuit has recognized that "[d]ouble-jeopardy claims can constitute the kind of extraordinary circumstances that justify an exception from *Younger*." *Gates*, 885 F.3d at 882. This is because "[t]he right to be free from double jeopardy includes not only the right to prevail in subsequent proceedings on constitutional grounds, but also the right to be free from the burdens of the subsequent trial itself." *Showery v. Samaniego*, 814 F.2d 200, 201 n.5 (5th Cir. 1987). However, the party seeking the injunction must still show "a likely double-jeopardy violation." *Gates*, 885 F.3d at 882.

Because the likelihood of a double-jeopardy violation goes both to the question of whether this Court should exercise jurisdiction under *Younger* and the merits of Lashea's request for an injunction, the Court "assume[s] jurisdiction and proceed[s] to the merits." *Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004).

---

[8] In fact, she has raised the double-jeopardy issue in her criminal case. *See* Doc. #16-1 at PageID 95–100.

6

### B. Injunction

As mentioned above, to establish that she is entitled to a preliminary injunction, Lashea must show (1) a substantial likelihood of her success on the merits of her claims, (2) a substantial threat of irreparable injury if an injunction is not granted, (3) that her threatened injury outweighs any harm that will result from granting the injunction, and (4) that granting an injunction will not disserve the public interest. *See Big Tyme Invs.*, 985 F.3d at 463–64.

#### 1. Likelihood of success

Lashea argues that she is likely to succeed on the merits of her claim "[b]ecause 'simple assault' and 'simple assault on an educator' are the same for double jeopardy purposes." Doc. #7 at 6. Mitchell and Brown do not dispute that prosecution for the two crimes based on the same events would amount to a double-jeopardy violation[9] but argue that the municipal court lacked jurisdiction to take Lashea's plea and Lashea "cannot show that she was ever punished" by the municipal court such that she "has not been subjected to multiple punishments, nor has [she] been subjected to multiple proceedings, so there is no double jeopardy." Doc. #17 at 8–9. Lashea replies that she "was charged only with misdemeanor simple assault in the municipal court" such that the municipal court had jurisdiction; "merely being charged in the county court did not take away the municipal court's jurisdiction over the misdemeanor charge;" and "there was only one charging document filed in the municipal court, which was executed by Officer Kendrick Walker and … indicated that [she] was only being charged with misdemeanor simple assault." Doc. #20 at 4–8.

---

[9] *See* Miss. Code Ann. § 97-3-7(1)(a)–(b), (14) (defining simple assault and enhanced penalties when the victim falls within certain categories, including being an educator); *Jones v. State*, 326 So. 3d 521, 528 (Miss. Ct. App. 2021) (victim's status as an individual listed in subsection 14 "is not an element of the crime" but rather "can be used as an 'aggravator' per statute to extend the time of incarceration and to impose a monetary fine").

Under Mississippi law, a municipal court has jurisdiction to hear "all cases charging violations of the municipal ordinances and state misdemeanor laws made offenses against the municipality." Miss. Code Ann. § 21-23-7(1). Criminal proceedings in the municipal court are "brought by sworn complaint" "stat[ing] the essential elements of the offense charged and the statute or ordinance relied upon." *Id.*; *see* Miss. R. Crim. Proc. 2.1(b)(1) ("Anyone bringing a criminal charge in municipal court … shall lodge a charging affidavit with the judge or clerk of the court. The clerk of the court shall record all charging affidavits on the docket."). The municipal court may conduct initial appearances, preliminary hearings, and set bail for felony charges. *See* Miss. Code Ann. § 21-23-7(1). However, the municipal court may not reduce a felony charge to a misdemeanor. *See* Miss. Code Ann. § 99-33-1(3) ("A circuit court grand jury, after an evidentiary determination, may remand any case that may be tried as a felony or misdemeanor, and which it deems should be tried as a misdemeanor, to justice or municipal court to be tried as a misdemeanor.").

Although Lashea argued at the hearing that the municipal court had jurisdiction over the simple assault charge because the felony charging affidavit was not in the municipal court file, she failed to provide a charging affidavit that was presented to the municipal court. Even municipal deputy clerk Logan explained that a typical misdemeanor file would include an "arrest report, the incident report, and *an affidavit*" as well as a confidential history but in Lashea's case she only had "the arrest report, the incident report offense and incident report, confidentials, [and] pay agreement." There was no sworn charging document before the municipal court regarding a simple assault charge against Lashea and without such the municipal court did not have jurisdiction over Lashea's charge. *See* Miss. Code Ann. § 21-23-7(1).

8

Indeed, the only affidavit in the record is dated October 14, 2019, and lists a violation of "Section (97-3-7 (14) of the Mississippi Code." Doc. #16-1 at PageID 102. The inclusion of subsection 14 indicates a clear intent to charge a felony rather than a misdemeanor. *See* Miss. Code Ann. § 97-3-7(1)(b) ("However, a person convicted of simple assault upon any of the persons listed in subsection (14) … shall be punished by a fine of not more than One Thousand Dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both."). And, as the circuit court held in its order denying Lashea's motion to dismiss,[10] the municipal court lacked jurisdiction to accept Lashea's plea to a felony.

Double jeopardy "does not bar the government from retrying a defendant whose conviction is overturned due to a defect in the judicial process." *United States v. Delgado*, 5 F.3d 529 (5th Cir. 1993) (per curiam) (internal quotation marks omitted) (citing *Lockhart v. Nelson*, 488 U.S. 33, 38–40 (1988)); *see Butler v. State*, 489 So. 2d 1093, 1094 (Miss. 1986) ("[A] court without jurisdiction to try the person for the crime charged cannot place the accused in jeopardy, any judgment that might be rendered would be absolutely void, and therefore would not bar subsequent prosecution for the same offense in a court of competent jurisdiction."). Because the municipal court did not have jurisdiction to accept Lashea's plea, there is no bar to the defendants proceeding with the simple assault on an educator charge against her. Accordingly, Lashea has not shown a substantial likelihood of success on her double-jeopardy claim and injunctive relief is not warranted.[11]

---

[10] Doc. #16-1 at PageID 105–08.

[11] Although Lashea has not shown a likelihood of success on her double-jeopardy claim, the state court proceedings appear to be riddled with errors, including the county court's listing of the incorrect statute and the municipal court's prosecution of Lashea without having all the required documents to confer jurisdiction.

9

### 2. Remaining factors

Because Lashea has not shown a substantial likelihood of success on the merits, the Court need not consider the other preliminary injunction factors. *See Planned Parenthood of Greater Tex. Fam. Plan. & Preventative Health Servs., Inc. v. Kauffman*, 981 F.3d 347, 357 (5th Cir. 2020) (finding plaintiffs were "not likely to prevail on the merits of their § 1983 claims and, as a result, [were] not entitled to a preliminary injunction").

### C. *Heck* Application

In their memorandum in support of their opposition to Lashea's injunction motion, Mitchell and Brown argue that because "[i]t is undisputed that [Lashea] is currently being prosecuted in the Coahoma Circuit Court and has not satisfied the favorable termination rule [set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994)] … her case should be dismissed, including her request for injunctive relief." Doc. #17 at 17. Because the Court has already determined injunctive relief is unwarranted and because Mitchell and Brown's request for dismissal is not properly raised in their response to the injunction motion, *see* L.U. Civ. R. 7(b)(3)(C) ("A response to a motion may not include a counter-motion in the same document. Any motion must be an item docketed separately from a response."), [12] the Court declines to consider *Heck*'s application at this time.[13]

### V
### Conclusion

Lashea Moore's motion for preliminary injunction [6] is **DENIED**.

---

[12] Also not properly raised for the same reason is their alternative argument that "the Court should stay this matter until the criminal charges are resolved." Doc. #17 at 17.

[13] Mitchell and Brown filed a motion to dismiss Lashea's complaint on May 23, 2022, in which they raise *Heck* as a basis for dismissal. Doc. #21. The Court will address by separate order Mitchell and Brown's motion to dismiss, as well as the motion to dismiss filed by Harris and the City, Doc. #23, after they are both fully briefed. *See* Doc. #34 (granting Lashea an extension until June 24 to respond to both motions).

**SO ORDERED**, this 22nd day of June, 2022.

                                                 **/s/Debra M. Brown**
                                                 **UNITED STATES DISTRICT JUDGE**