IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LASHEA MOORE**                                                                                                            **PLAINTIFF**

V.                               **NO. 4:22-CV-41-DMB-JMV**

**THE CITY OF CLARKSDALE,**
**MS, et al.**                             **DEFENDANTS**

**ORDER**

Lashea Moore brings federal and state law claims against the City of Clarksdale, its police chief, the officer who arrested her, and others, arising from her arrest and prosecution for assault. The City and its employees move to dismiss the state law claims against them as untimely filed under the Mississippi Tort Claims Act. Because the Court agrees Moore's state law claims are untimely, the motion to dismiss will be granted.

**I**
**Procedural History**

On March 25, 2022, Lashea Moore filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Clarksdale, Mississippi; Police Chief Sandra Williams, in her individual and official capacities; Police Officer Fernando Harris, in his individual and official capacities; District Attorney Brenda F. Mitchell, in her official capacity; Assistant District Attorney Stephanie A. Brown, in her individual and official capacities; and "John Does 1–5." Doc. #1. Moore alleges 42 U.S.C. § 1983 violations of her Fourth, Fifth, Eighth, and Fourteenth Amendment rights, as well as related state law claims, based on her arrest and prosecution for simple assault and for simple assault on an educator. *Id.* at 7–13.

The City and Harris filed an answer on May 18, 2022. Doc. #18. Five days later, they filed a motion to dismiss "with prejudice—[Moore's] state law claims for negligence/gross

negligence and negligent infliction of emotional distress as time-barred pursuant to Miss. Code Ann. § 11-46-11(3)."[1] Doc. #23. Moore filed a response and an accompanying memorandum. Docs. #43, #44. The City and Harris replied. Doc. #47.

On August 22, 2022, after being served,[2] Williams filed an answer to the complaint. Doc. #61. The next day, Williams joined the City and Harris' motion, asserting that their arguments "apply with equal force to [her]." Doc. #62.

## II
## Standard

Because the City, Harris, and Williams ("Moving Defendants") answered the complaint before filing or joining the motion to dismiss, the motion to dismiss is properly considered a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *Triplett v. LeBlanc*, 642 F. App'x 457, 459 (5th Cir. 2016). However, "[t]he standard for Rule 12(c) motions for judgment on the pleadings is identical to the standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." *Walker v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). To survive dismissal under this standard:

> a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Henley v. Biloxi H.M.A., L.L.C.*, 48 F.4th 350, 353 (5th Cir. 2022). "While the court must accept the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotation marks omitted).

---

[1] The City and Harris request that "[d]ue to the simple and self-explanatory nature of the … motion, … they be relieved of any obligation to file a supporting memorandum." Doc. #23 at PageID 304.

[2] *See* Doc. #59.

## III
## Relevant Factual Allegations

Following growing tension between Lashea Moore's daughter and LaQwenia Simon's son, Moore and Simon were involved in a physical altercation on October 14, 2019. Doc. #1 at 4. "Realizing the error of her ways, … Moore took responsibility for her involvement in the altercation and pleaded guilty to the criminal charge of Simple Assault on October 15, 2019 in the Clarksdale Municipal Court." *Id.* "Having full knowledge of the facts surrounding the charge, the Municipal Court Judge accepted [Moore's] guilty plea and sentenced her accordingly." *Id.*

The same day, between 7:00 p.m. and 9:00 p.m., Harris and two other officers arrived at Moore's home "and barged into [her] home without consent, warrant, or any other legal justification. The officers searched … Moore's home until they found her in the bathroom unclothed." *Id.* at 5 (paragraph numbering omitted). Moore "asked the officers for the opportunity to cover herself, but her request was denied." *Id.* She also "asked the officers to present a search warrant, to which one officer responded they did not have one. The officers explained to [her] that her name had came up at the police station, and they were instructed to go to her home to arrest her for a charge that she had previously pleaded guilty" because "the charge was being upgraded to a felony." *Id.* (paragraph numbering omitted).

"At all relevant times, Officer Harris and John Doe Police Officers 1-2 were on duty and employees of the Clarksdale Police Department." *Id.* at 7.

## IV
## Analysis

The Moving Defendants argue that the "Mississippi Tort Claims Act ('MTCA') provides the exclusive remedy for any claim based in tort against a governmental entity and its employees;" Moore's "state law claims are subject to the MTCA," which "imposes a one-year statute of

3

limitations period;" and because Moore's "complaint was not filed until March 25, 2022, approximately two (2) years and five (5) months after the date of the alleged tortious conduct," the state law tort claims are time-barred and subject to dismissal. Doc. #23 at PageID 302–03.

In response, Moore "does not dispute that Mississippi employees cannot be held personally liable for acts or omissions occurring within the course and scope of employee's duties" or that claims "which are subject to the MTCA have a one (1) year statute of limitations." Doc. #44 at 3. Rather, Moore argues that because she alleged Harris "unlawfully entered and searched her home without legal justification," his actions "exceeded the course and scope of his employment such that the MTCA does not shield him from liability." *Id.* at 4. Moore also argues that because she "was not involved in any criminal activity when Officer Harris, and his co-officers, entered her home, their actions are not protected by the MTCA." *Id.* at 5. As such, she argues that the MTCA's one-year statute of limitations does not apply. *Id.* at 7.

The Moving Defendants reply that if the Court accepted that Harris acted outside the scope of his employment, "then the City cannot be liable for Harris' conduct," making Moore's state law claims against the City "ripe for dismissal." Doc. #47 at 1—2. With respect to Harris, the Moving Defendants argue that Moore "conflates what must be shown to defeat sovereign immunity … with what must be shown to place [her] claims entirely outside the MTCA and beyond the MTCA's one (1) year limitations period" and "neither of [Moore's] state law claims allege misconduct that would fall outside the MTCA." *Id.* at 2–3.

In Mississippi, "[g]enerally, governmental entities are immune from suit. However, immunity is waived for torts committed by governmental entities or by their employees while acting within the course and scope of their employment." *Burnett v. Hinds Cnty. Bd. of Supervisors*, 313 So. 3d 471, 477 (Miss. 2020) (cleaned up). The MTCA is the "exclusive remedy

4

against a governmental entity and its employees." *Hearn v. Bd. of Sup'rs of Hinds Cnty.*, 575 F. App'x 239, 243 (5th Cir. 2014) (quoting *Estate of Williams ex rel. Williams v. City of Jackson*, 844 So. 2d 1161, 1164 (Miss. 2003)). For purposes of the MTCA, there is "a rebuttable presumption that any act or omission of any employee within the time and at the place of his employment is within the course and scope of his employment." Miss. Code Ann. § 11-46-7(7).

> Mississippi law provides that an activity must be in furtherance of the employer's business to be within the scope and course of employment. To be within the course and scope of employment, an activity must carry out the employer's purpose of the employment or be in furtherance of the employer's business. Therefore, if an employee steps outside his employer's business for some reason which is not related to his employment, the relationship between the employee and the employer is temporarily suspended and this is so no matter how short the time and the employer is not liable for the employee's acts during such time. An employee's personal unsanctioned recreational endeavors are beyond the course and scope of his employment.

*Cockrell v. Pearl River Valley Water Supply Dist.*, 865 So. 2d 357, 361–62 (Miss. 2004).

The Court need not determine whether Harris was acting within the scope and course of his employment to determine whether dismissal of Moore's state law claims against the City is proper. If Harris was acting within the scope and course of his employment, Moore's claims fall under the MTCA and are untimely. If he was not, the City has not waived its immunity. Thus, in either situation, dismissal of the state claims against the City is proper.

Dismissal of Moore's state claims against Williams is also proper. The complaint does not allege any facts indicating Williams was involved in the events surrounding Moore's arrest, only that she was negligent in hiring, training, and supervising officers in her position as police chief. As such, all claims against Williams involve activities within the course and scope of her employment, making them subject to the MTCA and untimely under the one-year statute of limitations.

As to Harris, despite Moore's argument that his actions exceeded the course and scope of

his employment, the complaint alleges he entered Moore's home without a warrant after being "instructed to go to her home to arrest her." Doc. #1 at 5. Because an officer making an arrest is in furtherance of his employer's business—especially given the allegation that Harris was instructed to arrest Moore—Harris was acting within the course and scope of his employment such that the MTCA applies and Moore's claims are untimely.[3]

For these reasons, dismissal of the state law claims against each of the Moving Defendants is warranted.

## V
## Conclusion

The City and Harris' motion to dismiss [23], joined by Williams [62], is **GRANTED**. The state law claims against the City, Harris, and Williams are **DISMISSED with prejudice**.

**SO ORDERED**, this 2nd day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[3] To the extent Moore argues Harris acted with reckless disregard to her safety while she was not engaged in criminal activity, such seems to go to whether Harris and the City would be entitled to immunity on her claims, not whether the claims fall within the MTCA. *See Miss. Dep't of Public Safety v. Durn*, 861 So. 2d 990, 994 (Miss. 2003) (affirming the state's liability on plaintiff's claim under the MTCA where employee who caused injury acted with reckless disregard).