IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LASHEA MOORE**        **PLAINTIFF**

V.        **NO. 4:22-CV-41-DMB-JMV**

**THE CITY OF CLARKSDALE,**
**MS, et al.**        **DEFENDANTS**

## OPINION AND ORDER

Lashea Moore moves for reconsideration of the Court's denial of a preliminary injunction to halt her state court prosecution for simple assault on an educator. Because (1) Lashea's "new" evidence was not previously unavailable or undiscoverable, (2) such evidence would not alter the Court's preliminary injunction ruling regardless, and (3) the Court declines to set a precedent of reconsidering its past orders based on evidence that could have been submitted beforehand, reconsideration will be denied.

## I
## Procedural History

On March 25, 2022, Lashea Moore filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Clarksdale, Mississippi; Police Chief Sandra Williams, in her individual and official capacities; Police Officer Fernando Harris, in his individual and official capacities; District Attorney Brenda F. Mitchell, in her official capacity; Assistant District Attorney Stephanie A. Brown, in her individual and official capacities; and "John Does 1–5." Doc. #1. Lashea[1] alleges 42 U.S.C. § 1983 violations of her Fourth, Fifth, Eighth, and Fourteenth Amendment rights and related state law claims based on her arrest and prosecution for

---

[1] Since another person with the surname Moore is discussed later in this opinion, the plaintiff is referenced by her first name to avoid any confusion.

simple assault and for simple assault on an educator. *Id.* at 7–13. In addition to damages, Lashea "requests injunctive relief against … Mitchell enjoining [Mitchell] from continuing to prosecute [her] in the Coahoma County Circuit Court in violation of the 5th Amendment." *Id.* at 11.

Lashea filed "Plaintiff's Motion for Injunctive Relief (Urgent and Necessitous Motion – Expedited Hearing Requested)" on April 29, 2022.[2] Doc. #6. Lashea sought a preliminary injunction enjoining her prosecution for simple assault on an educator based on her assertion that she had already pled guilty and been punished for simple assault arising from the same occurrence such that the second prosecution amounted to a violation of her constitutional right against double jeopardy. *Id.* at 2; Doc. #7 at 3. After the motion was fully briefed,[3] the Court held an evidentiary hearing on June 1, 2022. Doc. #28. Lashea called one witness, Katrina Lynn Logan, a deputy court clerk for the Clarksdale Municipal Court. Docs. #29, #40. Logan testified that when Lashea appeared before Judge Carlos Moore, "there was no charging affidavit in the municipal court file, only the incident report." A copy of the municipal court record was admitted into evidence. *See* Doc. #30. Lashea did not question whether the municipal court record was complete or otherwise challenge its contents, did not call any other witnesses, and did not indicate that additional testimony may be necessary.

The Court entered an order addressing Lashea's motion on June 22, 2022. Doc. #40. First addressing its jurisdiction, the Court found the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), applied such that it should decline to exercise jurisdiction unless an exception applied. *Id.* at 6. Because the "Fifth Circuit has recognized that double-jeopardy claims

---

[2] Lashea originally filed the motion on April 28, 2022. Doc. #3. But because an exhibit was attached to the memorandum rather than the motion in violation of the Local Rules, the Clerk of Court advised Lashea to refile the motion. The exhibit was not included with the refiled motion.

[3] Docs. #7, #17, #20.

can constitute the kinds of extraordinary circumstances that justify an exception from *Younger*" when the "party seeking the injunction … show[s] a likely double-jeopardy violation" and because the likelihood of a double-jeopardy violation impacted both the jurisdictional question and the merits of Lashea's request, the Court assumed jurisdiction and proceeded to the merits. *Id.*

On the merits, the Court found that Lashea failed to show a substantial likelihood of success on her double jeopardy claim as required for her to be entitled to injunctive relief. *Id.* at 9. Specifically, the Court recognized that Mississippi law sets forth limited circumstances in which a municipal court has jurisdiction and found that, based on the municipal court record and Logan's testimony, "[t]here was no sworn charging document before the municipal court regarding a simple assault charge against Lashea and without such the municipal court did not have jurisdiction over [her] charge." *Id.* at 8. "[B]ecause the municipal court did not have jurisdiction to accept Lashea's plea [to simple assault], there [was] no bar to the defendants proceeding with the simple assault on an educator charge against her." *Id.* at 9. Accordingly, the Court denied Lashea's preliminary injunction motion. *Id.* at 10.

On July 8, 2022, Lashea filed "Plaintiff's Motion to Alter or Amend Judgment and for a New Hearing" asking the Court "to reconsider its previous order denying a preliminary injunction." Doc. #48. The motion is fully briefed. Docs. #49, #54, #56.

## II
## Standard

The legal standard Lashea references in her memorandum brief indicates that she brings the motion as one for reconsideration under Federal Rule of Civil Procedure 59(e). *See* Doc. #49 at 3. In their response, Brown and Mitchell assert that "[t]he denial of a preliminary injunction is an interlocutory order and a motion to reconsider is governed by Federal Rule of Civil Procedure 54(b)." Doc. #54 at 3.

3

"Rule 59(e) governs motions to alter or amend a final judgment; Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (cleaned up). No final judgment has been issued in this case. So Lashea's motion is properly analyzed under Rule 54(b). *Id.*

"Under the Rule 54(b) standard, the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *United States v. E.I. Du Pont De Nemours and Co.*, __ F. Supp. 3d __, 2022 WL 3566843, at *5 (S.D. Tex. Aug. 18, 2022) (internal quotation marks omitted) (quoting *Austin*, 864 F.3d at 336)). "Although the rule grants the court broad discretion to reconsider, this power is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Lafayette City-Par. Cons. Gov. v. United States*, __ F. Supp. 3d __, 2022 WL 3570927, at *2 (W.D. La. Aug. 18, 2022). And while the Rule 54(b) standard is "less exacting … than those applied to final judgments under Rule 59(e) and 60(b)," courts still look to those rules for guidance. *Id.* "To this end, the court should consider whether there are manifest errors of law or fact upon which the judgment is based, whether new evidence is available, whether there is a need to prevent manifest injustice, or whether there has been an intervening change in controlling law." *Id.*

### III
### Analysis

As the only evidence to support her motion, Lashea relies on an affidavit of Judge Moore in which he attests that he "always review[s] the case file to ensure the proper charging documents are present before allowing a case to proceed;" he "would not have allowed [Lashea's] case or any other case to proceed without the proper charging documents;" and he is "unaware of the location

of the affidavit charging [Lashea] with simple assault[but ] at the time [he] accepted [her] guilty plea, one was present" because "[o]therwise, [he] would not have allowed her case to proceed." Doc. #48-1 at 2. Lashea argues that because Judge Moore was out of the country when the evidentiary hearing occurred, she "was unable to secure an affidavit or any other form of testimony from [him] concerning this matter," and for that reason his affidavit is new evidence that would likely change the outcome of the Court's decision. Doc. #49 at 4–5. She also argues that this evidence is "not merely cumulative or impeaching" and absent reconsideration, she will suffer manifest injustice because "her Fifth Amendment right against double jeopardy will be completely obliterated." *Id.* at 6.

Mitchell and Brown respond that (1) Judge Moore's affidavit—which does not state that he was out of the country—would not change the outcome because it "merely confirms there was no charging affidavit in the municipal court file;" (2) "any information contained in [Judge Moore's] affidavit is not new information and [Lashea] had plenty of time to obtain it between October 2019 and the end of June 2022;" (3) because Judge Moore's affidavit confirms there is no charging affidavit in the municipal court file, it is cumulative and an attempt "to use hearsay evidence to impeach evidence given [by Logan] at the hearing;" and (4) there is no risk of manifest injustice because "[t]he only injustice at stake here is [Lashea] thwarting a felony prosecution by the State for assault on an educator by pleading guilty to a misdemeanor in a court that had no jurisdiction to take the plea." Doc. #54 at 3, 6–10.

Lashea replies that it is not necessary for her to show that she could not have obtained Judge Moore's affidavit sooner but even if it was, his affidavit is newly discovered evidence because the Court noticed the June 1 hearing on May 25, 2022, and since Judge Moore was overseas from May 25 until June 4, it was not feasible for her to secure his affidavit or any other

5

form of testimony. Doc. #56 at 2–6. To address Mitchell and Brown's argument that Judge Moore's affidavit does not state he was out of the country, Lashea's reply includes unauthenticated screenshots of Judge Moore's Facebook page which appear to confirm he was in Italy.[4] *Id.* at 4–5. Lashea explains that she "did not request a continuance of the preliminary injunction hearing because of the urgency of the matter" due to her pending state court trial date and her counsel's upcoming military commitments. *Id.* at 6–7. She also argues that since Logan "did not testify that a misdemeanor charging affidavit was never present in the municipal court file" Judge Moore's affidavit does not impeach her testimony and Judge Moore would testify if the Court granted a new hearing.[5] *Id.* at 7–8.

First, the Court is not convinced that Judge Moore's affidavit constitutes new evidence for reconsideration purposes. While Lashea argues she could not have obtained Judge Moore's affidavit before the hearing because he was out of the country, she was notified as of the date of Mitchell and Brown's May 16 response of their argument that the municipal court lacked jurisdiction based on the lack of a charging affidavit. Yet Lashea offers no argument why she did not or could not attempt to obtain Judge Moore's testimony after May 16 but before May 25 when she says Moore left the country. Further, Mitchell and Brown's argument about the municipal court's jurisdiction was based on the circuit court's June 4, 2020, ruling in Lashea's criminal case that the municipal court lacked jurisdiction because "the only Affidavit that ha[d] been presented to [that] court charge[d] a *felony*." So Lashea actually has been on notice since then that the lack of a charging affidavit in the municipal court was a critical fact underlying her double jeopardy

---

[4] Since the screenshots are unauthenticated, the Court does not consider them. *See United States v. Barnes*, 803 F.3d 209, 217 (5th Cir. 2015) ("Authentication is a condition precedent to the admission of evidence ….").

[5] Although titled as a "Motion to Alter or Amend Judgment and for a New Hearing," there is no express request for a new hearing in the body of the motion. Doc. #48. And no judgment has been entered in this case.

claim. But she fails to explain why she did not attempt to gather the relevant evidence—specifically, Judge Moore's testimony and/or affidavit—in that time frame. Nor does Lashea address why, given current technological capabilities to communicate remotely, Judge Moore's out-of-country status absolutely precluded his participation in the hearing or absolutely precluded her from obtaining his affidavit by the time of the hearing.[6]

Second, even if the Court considered Judge Moore's affidavit, the affidavit would not alter the Court's conclusion that Lashea is not entitled to injunctive relief. "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has *clearly* carried its burden of persuasion" of showing, among other factors, "a *substantial* likelihood of success on the merits." *CAE Integrated, L.L.C. v. Moov Techs., Inc.*, 44 F.4th 257, 261 (5th Cir. 2022) (cleaned up) (emphases added). Judge Moore's statement that a charging affidavit was present at the time he accepted Lashea's plea is contradicted by the lack of such in the actual court file. While this certainly raises a fact question about whether a charging affidavit existed on the day in question, it is alone insufficient to show Lashea has a substantial likelihood of success on her double jeopardy claim as opposed to a mere possibility of success. *See Doe v. The Ohio State Univ.*, 136 F. Supp. 3d 854, 862–63 (S.D. Ohio 2016) ("To establish a likelihood of success on the merits, a plaintiff must show more than a mere possibility of success. … It is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation.") (cleaned

---

[6] Lashea argues that "logistical hoops [involved in] obtaining an affidavit in a foreign country" prevented her from obtaining Judge Moore's affidavit because "there is a significant time difference between Italy and Mississippi;" her counsel "does not speak Italian, such that he would have been unable to articulate his requests to an Italian notary public;" and she would have "had to convert currency in order to pay the costs associated with obtaining an affidavit from Judge Moore while he was in Italy." Doc. #56 at 6 & n.3. However, these arguments do not address why Judge Moore could not have testified remotely (by phone with voice alone or with voice and video by Zoom or other similar app) or why Lashea failed to notify the Court that his testimony was needed. Besides, no notary is required for a declaration submitted in accordance with 28 U.S.C. § 1746.

up) (citing *Six Clinics Holding Corp., II v Cafcomp Sys., Inc.*, 119 F.3d 393, 402 (6th Cir. 1997)); *Nken v. Holder*, 556 U.S. 418, 434 (2009) (recognizing "substantial overlap" between factors governing a stay pending appeal and preliminary injunctions and, in the context of a stay, that a likelihood of success on the merits requires "more than a mere possibility of relief"); *United States v. Hinds Cnty.*, __ F. Supp. 3d __, 2022 WL 4071968, at *4 (S.D. Miss. Sept. 2, 2022) ("[A] preliminary injunction demands a significantly higher justification than a request for a stay.") (citing *Respect Maine PAC v. McKee*, 562 U.S. 996, 996 (2010)).

Finally, cognizant that district courts have broad discretion to reconsider interlocutory orders but that such should be exercised sparingly,[7] the Court declines to set a precedent of allowing parties such as Lashea—who styled her preliminary injunction motion as "urgent and necessitous" and requested an expedited hearing—to present the evidence then available to them without any indication they believe additional evidence may exist to support their claims and later, after receiving the benefit of the Court's ruling and the specific facts weighing against a ruling in their favor, presenting evidence they likely could have obtained before the hearing as grounds for reconsideration.

## IV
## Conclusion

Lashea's "Motion to Alter or Amend Judgment and for a New Hearing" [48] is **DENIED**.

**SO ORDERED**, this 21st day of November, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[7] *See Lafayette City-Par. Cons. Gov.*, 2022 WL 3570927, at *2.