IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LASHEA MOORE**                                                                                 **PLAINTIFF**

**V.**                                                     **NO. 4:22-CV-41-DMB-JMV**

**THE CITY OF CLARKSDALE,
MS, et al.**                                                                      **DEFENDANTS**

**OPINION AND ORDER**

Lashea Moore sued District Attorney Brenda Mitchell and Assistant District Attorney Stephanie Brown, among other defendants, seeking injunctive relief and damages based on allegations that a pending criminal case against her amounts to a double jeopardy violation. Mitchell and Brown move to dismiss all Moore's claims against them, arguing primarily that (1) the United States Supreme Court's decision in *Younger v. Harris* bars Moore's injunctive relief claims, (2) Moore's § 1983 claims against them in their official capacities are barred by sovereign immunity, and (3) *Heck v. Humphrey* prohibits Moore's claims from moving forward while her state criminal charges are pending. Because the Court agrees with these arguments, the motion to dismiss will be granted in part, Moore's injunctive relief claims and § 1983 claims against Mitchell and Brown in their official capacities will be dismissed without prejudice, and the remaining claims against Mitchell and Brown will be stayed pending resolution of Moore's criminal charges.

**I
Relevant Procedural History**

On March 25, 2022, Lashea Moore filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Clarksdale, Mississippi; Police Chief Sandra Williams, in her individual and official capacities; Police Officer Fernando Harris, in his individual and official capacities; District Attorney Brenda F. Mitchell, in her official capacity;

Assistant District Attorney Stephanie A. Brown, in her individual and official capacities; and "John Does 1–5." Doc. #1. Moore alleges 42 U.S.C. § 1983 violations of her Fourth, Fifth, Eighth, and Fourteenth Amendment rights and related state law claims based on her arrest and prosecution for simple assault and for simple assault on an educator. *Id.* at 7–13. In addition to damages, Moore "requests injunctive relief against … Mitchell enjoining [Mitchell] from continuing to prosecute [her] in the Coahoma County Circuit Court in violation of the 5th Amendment." *Id.* at 11.

Moore filed "Plaintiff's Motion for Injunctive Relief (Urgent and Necessitous Motion – Expedited Hearing Requested)" on April 29, 2022, seeking a preliminary injunction enjoining her prosecution for simple assault on an educator based on her assertion that she had already pled guilty to a simple assault charge in municipal court arising from the same occurrence such that a second prosecution violated her right against double jeopardy. Doc. #6. After the conclusion of briefing on the preliminary injunction motion,[1] Mitchell and Brown filed a motion to dismiss all Moore's claims against them. Doc. #21. The motion to dismiss is fully briefed. Docs. #22, #51, #52.

On June 22, 2022, before briefing on the motion to dismiss was complete, the Court denied Moore's preliminary injunction motion following a June 1, 2022, evidentiary hearing.[2] Doc. #40. Addressing its jurisdiction, the Court found the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971), applied such that it should decline to exercise jurisdiction unless an exception applied. *Id.* at 6. Because the "Fifth Circuit has recognized that double-jeopardy claims can constitute the kind of extraordinary circumstances that justify an exception from *Younger*" when the "party seeking the injunction … show[s] a likely double-jeopardy violation" and because

---

[1] Docs. #7, #17, #20.

[2] Doc. #28.

2

the likelihood of a double-jeopardy violation impacted both the jurisdictional question and the merits of Moore's request, the Court assumed jurisdiction and proceeded to the merits. *Id.* The Court ultimately concluded that Moore failed to show a substantial likelihood of success on the merits of her double jeopardy claim "because the municipal court did not have jurisdiction to accept [her] plea [to simple assault], [such that] there [was] no bar to the defendants proceeding with the simple assault on an educator charge against her."[3] *Id.* at 9.

## II
## Standard

Based on their initial memorandum brief, Mitchell and Brown move to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Doc. #22 at 5–6.

Motions brought under Federal Rule of Civil Procedure 12(b)(1) challenge a court's subject matter jurisdiction.

> The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. The Court may find a plausible set of facts to support subject matter jurisdiction by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Traweek v. Gusman*, 414 F. Supp. 3d 847, 855–56 (E.D. La. 2019) (cleaned up) (citing *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012), and *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996)).

> To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Henley v. Biloxi H.M.A., L.L.C.*, 48 F.4th 350, 353 (5th Cir. 2022). "While the court must accept

---

[3] Moore moved for reconsideration, Doc. #48, which the Court denied on November 21, 2022, Doc. #64.

the facts in the complaint as true, it will not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal quotation marks omitted).

### III
### Relevant Factual Allegations

Following growing tension between Lashea Moore's daughter and LaQwenia Simon's son, Moore and Simon were involved in a physical altercation on October 14, 2019. Doc. #1 at 4. "Realizing the error of her ways, … Moore took responsibility for her involvement in the altercation and pleaded guilty to the criminal charge of Simple Assault on October 15, 2019 in the Clarksdale Municipal Court." *Id.* "Having full knowledge of the facts surrounding the charge, the Municipal Court Judge accepted [Moore's] guilty plea and sentenced her accordingly." *Id.*

Later the same day, officers arrived at Moore's home "and barged into [her] home without consent, [or a] warrant]." *Id.* at 5. "The officers explained to [her] that her name had came up at the police station, and they were instructed to go to her home to arrest her for a charge that she had previously pleaded guilty[ to because] this time the charge was being upgraded to a felony." *Id.*

"Since that time, [Moore] has been the subject of a subsequent criminal prosecution …." *Id.* District Attorney Brenda Mitchell and Assistant District Attorney Stephanie Brown initiated the criminal proceedings. *Id.* at 6.

### IV
### Analysis

In support of their dismissal motion, Mitchell and Brown argue:

> Adjudicating, or even litigating, this case now would run afoul of well-established *Younger* abstention principles. Such action would contravene clear Fifth Circuit precedent governing Section 1983 claims that are intwined with state criminal proceedings. Such action would also inappropriately thwart the *Heck* bar's potential future application to Moore's claims. Additionally, [her] federal claims against DA Mitchell and ADA Brown in their official capacities are barred by the sovereign

4

immunity. And, as to the claims in their individual capacities, they are entitled to prosecutorial and qualified immunities. Moore's state law claims are barred due to immunities provided by the Mississippi Tort Claims Act ("MTCA").

Doc. #22 at 7.

Generally, "[w]hen facing a challenge to subject-matter jurisdiction and other challenges on the merits, [a court] must consider first the Rule 12(b)(1) jurisdictional challenge prior to addressing the merits of the claim." *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014). While *Younger* is "not a jurisdictional issue," a court may abstain under *Younger* without first determining whether jurisdiction exists. *Daves v. Dallas Cnty.*, 22 F.4th 522, 532 (5th Cir. 2022). "Sovereign immunity is indeed a jurisdictional bar." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021). But "*Heck* does not pose a jurisdictional bar to the assertion of § 1983 claims." *Colvin v. LeBlanc*, 2 F.4th 494, 498 (5th Cir. 2021). So the Court will first address whether *Younger* abstention is warranted on the injunctive relief claims and then whether it has jurisdiction over the § 1983 damages claims against Mitchell and Brown in their official capacities before determining whether *Heck* bars consideration of Moore's claims against them in their individual capacities.

### A. *Younger* Abstention

Mitchell and Brown argue that because all three conditions for *Younger* abstention are met and no exceptions apply, the Court should decline to exercise jurisdiction over Moore's claims. Doc. #22 at 7–9.

Moore responds that *Younger* applies to prosecutions that were "brought lawfully and in good faith" and she "explicitly asserted in her complaint that Defendants initiated the second criminal proceeding in bad faith and without hope of obtaining a valid conviction." Doc. #51 at 4–5. Additionally, she argues that her case satisfies an exception to *Younger* because "the federal

right at issue will not be given its intended scope absent this court's intervention." *Id.* at 6. She further asserts that "[t]he state's interests would be best served by preventing public officials from engaging in unconstitutional conduct, and neither the public nor Defendants would be harmed or deprived of any of their interest in enforcing laws since the case was already adjudicated in municipal court." *Id.*

Mitchell and Brown reply that "[i]n its order denying [Moore's] motion for preliminary injunction, this Court held that there can be no dispute that *Younger* applies to the facts presented here." Doc. #52 at 1. They argue that Moore "cannot simply allege [they] initiated the second criminal proceeding in bad faith and without hope of obtaining a valid conviction" but rather she "must plead facts in support of that conclusion, which she does not do." *Id.* at 2.

As this Court recognized in its June 22 ruling:

> Under the *Younger* abstention doctrine, federal courts should generally decline to exercise jurisdiction when: (1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges.
>
> Where those three criteria are satisfied, a federal court may enjoin a pending state-court criminal proceeding only if: (1) the state-court proceeding was brought in bad faith or to harass the federal plaintiff; (2) the federal plaintiff seeks to challenge a state statute that is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it, or (3) where other extraordinary circumstances threaten irreparable loss that is both great and immediate.

Doc. #40 at 5 (citing *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (cleaned up)). The Court concluded "[t]here can be no dispute that *Younger* applies to the facts presented here" so it "precludes an injunction … unless one of the three narrow exceptions applies." *Id.* at 6.

Moore argues that the bad faith exception applies or that a double jeopardy claim is an extraordinary circumstance warranting an exception. With respect to bad faith, "[a] prosecution

6

is taken in bad faith if state officials proceed without hope of obtaining a valid conviction." *Gates*, 885 F.3d at 881. However, as Mitchell and Brown argue, Moore does not allege any *facts* to support her position that the prosecution was taken in bad faith beyond her conclusory assertion that the prosecution amounts to a double jeopardy violation. Because the Court does "not accept as true conclusory allegations,"[4] Moore fails to sufficiently allege the prosecution was in bad faith. And while "[d]ouble-jeopardy claims can constitute the kind of extraordinary circumstances that justify an exception from *Younger*," where a plaintiff "has not established a likely double-jeopardy violation," she has not shown "extraordinary circumstances that justify an exception." *Gates*, 885 F.3d at 882. Since the Court already concluded that Moore did not establish a likely double-jeopardy violation, she has not shown extraordinary circumstances to justify an exception from *Younger*. Consequently, abstention is appropriate.

However, while Mitchell and Brown argue *Younger* precludes litigating this *case*,[5] "*Younger* applies to suits for injunctive and declaratory relief." *Bowling v. Roach*, 816 F. App'x 901, 904 (5th Cir. 2020) (quoting *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016)). Abstention is thus warranted only as to Moore's claims for injunctive relief, which will be dismissed without prejudice.[6]

### B. Sovereign Immunity

Mitchell and Brown argue they are entitled to sovereign immunity on Moore's § 1983 claims against them in their official capacities because "the Fifth Circuit has held that Mississippi district attorneys are state officials entitled to Eleventh Amendment immunity." Doc. #22 at 12.

---

[4] *Arnold*, 979 F.3d at 266.

[5] Doc. #22 at 7.

[6] *See Aaron v. O'Connor*, 914 F.3d 1010, 1020–21 (6th Cir. 2019) ("A dismissal based on *Younger* is without prejudice."); *Spooner v. Gautreaux*, No. 11-86, 2011 WL 13183107, at *4 n.7 (M.D. La. June 20, 2011) (collecting cases), *report and recommendation adopted*, No. 11-89, 2011 WL 13192921 (M.D. La. July 15, 2011), *aff'd*, 459 F. App'x 436 (5th Cir. 2012).

They also argue that the *Ex Parte Young* exception for claims seeking injunctive relief is not applicable because "[a]s outlined in the discussion related to *Younger* … the Coahoma Circuit Court has determined Moore is not being subjected to double jeopardy, thus she has not alleged an ongoing violation of federal law."[7] *Id.* at 13.

Moore does "not dispute that the Eleventh Amendment would bar claims" against state officials but rather submits that because "Michell's and Brown's office represents only four (4) counties within the state, … this geographic area is 'smaller than that of the state' such that the district attorney's office could be considered a political subdivision of the state, rather than the state itself." Doc. #51 at 8–9, 9 n.4. Mitchell and Brown reply that Moore's arguments ignore "the Fifth Circuit holding that Mississippi district attorneys are state officials entitled to Eleventh Amendment immunity" and that "the powers and duties of district attorneys include prosecuting on behalf of the State of Mississippi – not counties." Doc. #52 at 3, 4.

Moore's argument does ignore clear Fifth Circuit precedent "that Mississippi district attorneys are state officials entitled to Eleventh Amendment immunity." *Harris v. Clay Cnty.*, 448 F. Supp. 3d 629, 636 (N.D. Miss. 2020) (collecting cases). Given that this Court is bound by Fifth Circuit precedent, the claims against Mitchell and Brown in their official capacity are properly dismissed without prejudice.[8]

### C. *Heck* Bar

Mitchell and Brown submit that the Fifth Circuit's interpretation of *Heck v. Humphrey*, 512 U.S. 477 (1994), "requires the district court to consider whether a judgment in favor of the

---

[7] Mitchell and Brown further argue that they "are not amenable to suit under § 1983" in their official capacities because "[t]he Supreme Court has succinctly held that the State, arms of the State and state officials sued in their official capacity are not 'persons' within the meaning of [the statute]." Doc. #22 at 14.

[8] *See Carver v. Atwood*, 18 F.4th 494, 498–99 (5th Cir. 2021) (sovereign immunity dismissals should be without prejudice).

8

plaintiff would necessarily imply the invalidity of his conviction or sentence" and, if it would, to dismiss the complaint "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Doc. #22 at 10 (citing *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006)). Since, according to them, "[i]t is undisputed that [Moore] is currently being prosecuted in the Coahoma Circuit Court and has not satisfied the favorable termination rule prior to filing suit," the case should be dismissed or, alternatively, stayed until the criminal charges are resolved. *Id.* at 10–11.

Moore responds that "*Heck* is not applicable because [she] is not challenging the validity of a *previous* conviction or sentence" and "should the Court grant [her] injunctive relief, the state court proceeding will no longer be at issue." Doc. #51 at 8. Mitchell and Brown reply that they "pointed out in their original brief that *Heck* also bars damage claims, which, if successful, would necessarily imply the invalidity of a conviction or *pending charge*." Doc. #52 at 2 (citing *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)).

In *Heck*, "the Supreme Court adopted the favorable termination rule, holding that a § 1983 suit must be dismissed if a judgment in the plaintiff's favor would necessarily imply the invalidity of his conviction or sentence and the plaintiff cannot show that his conviction or sentence has already been invalidated." *Phillips v. Texas*, 855 F. App'x 205, 206–07 (quoting *Heck*, 512 U.S. at 484 n.4, 487). The Fifth Circuit has held that under *Heck*, "district courts should stay § 1983 cases that may implicate the validity of *pending* criminal proceedings until those underlying proceedings have run their course." *Gates*, 885 F.3d at 883 (emphasis added); *see Hopkins v. Ogg*, 783 F. App'x 350, 355 (5th Cir. 2019) ("If a pretrial detainee brings claims that may ultimately be barred by *Heck*, the best practice is for the district court to stay the proceedings until the pending criminal case is resolved.").

Here, because the Court already determined Moore is not entitled to an injunction halting her criminal prosecution, there can be no genuine dispute that proceeding on her damages claims against Mitchell and Brown—which are based on her assertion that the prosecution violates her double jeopardy rights—"may implicate the validity of [those] pending criminal proceedings." *Gates*, 885 F.3d at 883. Accordingly, under Fifth Circuit precedent, those claims will be stayed[9] pending the resolution of Moore's criminal case.[10]

## V
## Conclusion

Mitchell and Brown's motion to dismiss [21] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal of the injunctive relief claims and the § 1983 claims against them in their official capacities, and to the extent it requests this case be stayed pending the resolution of Moore's criminal proceedings. It is DENIED without prejudice in all other respects. The injunctive relief claims and the § 1983 claims against Mitchell and Brown in their official capacities are **DISMISSED without prejudice**. The remaining claims against them are **STAYED** pending resolution of Moore's criminal case. The parties are **DIRECTED** to inform the Court of the status of the criminal case at least every ninety days after the entry of this order.

**SO ORDERED**, this 22nd day of December, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[9] Although Mitchell and Brown seek dismissal and only requested a stay as alternative relief, they did not cite—and the Court has not found—any authority preferring dismissal over a stay.

[10] Based on the Fifth Circuit's guidance that a court "should provide *at least* one opportunity to cure pleading deficiencies before dismissing a case," this Court routinely allows plaintiffs a period of time to seek leave to amend their complaint before dismissing the claims with prejudice when "it is not clear the deficiencies identified … are incurable" and the Court has not been advised that the plaintiffs are "unwilling or unable to amend in a manner that will avoid dismissal." *See, e.g.*, *Williams v. Allstate Indemnity Co.*, 4:22-cv-79, 2022 WL 17254306, at *4 (N.D. Miss. Nov. 28, 2022). Because (1) the Court already determined a stay is warranted, (2) if the Court found dismissal was warranted, it would likely allow Moore an opportunity to seek leave to amend, and (3) it would be judicially most efficient for any potential amendment to occur after the stay is lifted, the Court declines to address Mitchell and Brown's additional arguments.