**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LASHEA MOORE**  PLAINTIFF

V.  NO. 4:22-CV-41-DMB-DAS

**THE CITY OF CLARKSDALE,
MS, et al.**  DEFENDANTS

**OPINION AND ORDER**

District Attorney Brenda F. Mitchell and Assistant District Attorney Stephanie A. Brown move to dismiss Lashea Moore's remaining federal and state law claims against them. Moore moves to amend her complaint and to correct her proposed amended complaint. Because both Moore's original complaint and her proposed amended complaint fail to state a claim against Mitchell and Brown, the motions to amend and to correct will be denied, and the motion to dismiss will be granted.

**I
Procedural History**

On March 25, 2022, Lashea Moore filed a complaint in the United States District Court for the Northern District of Mississippi against the City of Clarksdale, Mississippi; Police Chief Sandra Williams, in her individual and official capacities; Police Officer Fernando Harris, in his individual and official capacities; District Attorney Brenda F. Mitchell, in her official capacity; Assistant District Attorney Stephanie A. Brown, in her individual and official capacities; and "John Does 1–5." Doc. #1 at 1. The complaint alleges violations of Moore's Fourth, Fifth, Eighth, and Fourteenth Amendment rights under 42 U.S.C. § 1983, and related state law claims based on her arrest and prosecution for simple assault on an educator. *Id.* at 7–13. In addition to monetary

damages, Moore "request[ed] injunctive relief against … Mitchell enjoining [Mitchell] from continuing to prosecute [her] in the Coahoma County Circuit Court in violation of the 5th Amendment."[1] *Id.* at 11.

Mitchell and Brown moved to dismiss all Moore's claims against them on May 23, 2022.[2] Doc. #21. The Court, granting the motion to dismiss in part, dismissed without prejudice Moore's injunctive relief claims and § 1983 claims against Mitchell and Brown in their official capacities, and stayed the remaining claims pending resolution of the criminal charge against Moore. Doc. #65 at 10. In doing so, the Court concluded:

> (1) the United States Supreme Court's decision in *Younger v. Harris* bars Moore's injunctive relief claims, (2) Moore's § 1983 claims against [Mitchell and Brown] in their official capacities are barred by sovereign immunity [under the Eleventh Amendment], and (3) *Heck v. Humphrey* prohibits Moore's claims from moving forward while her state criminal charges are pending.

Doc. #65 at 1.

On March 30, 2023, the Coahoma County Circuit Court dismissed with prejudice the criminal charge against Moore. Doc. #67-3 at PageID 534. On May 4, 2023, Moore filed a status report informing this Court that "[t]he criminal case involving [her] was dismissed with prejudice." Doc. #67 at 1. The next day, the stay of the case was lifted. Doc. #68.

Mitchell and Brown filed a motion to dismiss Moore's remaining federal and state law claims against them on May 11, 2023. Doc. #69. The motion is fully briefed. Docs. #70, #75, #76.

---

[1] On April 29, 2022, Moore moved for a preliminary injunction enjoining prosecution of the criminal case against her. Doc. #6. Following a June 1, 2022, evidentiary hearing, the Court denied Moore's preliminary injunction motion. Docs. #28, #40.

[2] Also on May 23, 2022, Harris and the City filed a motion to dismiss, which Williams joined on August 23, 2022. Docs. #23, #62. On November 2, 2022, the Court granted the motion and dismissed with prejudice the state law claims against the City, Harris, and Williams. Doc. #63.

2

On June 30, 2023, Moore filed a motion to amend her complaint "in order to add claims for civil conspiracy and malicious prosecution under 42 U.S.C. § 1983 against DA Mitchell and ADA Brown;" "to provide additional factual support for her original claims;" and "to assert her claims against them in their individual capacities only."[3]  Doc. #77 at 1–2.

On July 14, 2023, Moore filed a motion to correct her proposed first amended complaint "to make clear that she was no longer pursuing the state law claims against the City of Clarksdale Defendants" and to "clarify that she is not seeking to pursue claims that the Court has already disposed of."  Doc. #78 at 1.  The same day, Mitchell and Brown responded to Moore's June 30 motion to amend and Moore replied on July 21, 2023.  Docs. #79, #81.  Mitchell and Brown did not respond to Moore's motion to correct.

## II
## Standards

### A. Rule 12(b)(6)

To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted).  However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (citations

---

[3] Rather than file a supporting memorandum brief as required by Local Rule 7(b)(4), Moore "requests to be relieved from filing a corresponding memorandum of authorities due to the nature of this motion."  Doc. #77 at 2.

omitted). In ruling on a 12(b)(6) motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (citation omitted).

### B. Rule 15(a)(2)

Federal Rule of Civil Procedure 15(a)(2) provides that a "court should freely give leave [to amend pleadings] when justice so requires." "The language of this rule evinces a bias in favor of granting leave to amend." *SGIC Strategic Glob. Inv. Cap., Inc. v. Burger King Eur. GmbH*, 839 F.3d 422, 428 (5th Cir. 2016) (cleaned up). However, a "court need not grant a futile motion to amend. Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Legate v. Livingston*, 822 F.3d 207, 211 (5th Cir. 2016) (citation omitted).

### III
### Motion to Dismiss

Moore's remaining claims are (1) a § 1983 double jeopardy violation claim against Brown in her individual capacity; (2) state law claims for negligence/gross negligence against Brown in her official and individual capacities and against Mitchell in her official capacity; and (3) state law claims for negligent infliction of emotional distress against Brown in her official and individual capacities and against Mitchell in her official capacity. *Compare* Doc. #1 at 7, 12, *with* Doc. #65 at 10. In requesting dismissal of these claims, Mitchell and Brown argue that they "are entitled to prosecutorial and qualified immunities as to the remaining federal claims against them in their

individual capacities;"[4] and "Moore's state law claims are barred due to sovereign immunity and the immunities provided by the Mississippi Tort Claims Act ('MTCA')." Doc. #69 at 3.

### A. Relevant Factual Allegations

Following growing tension between Lashea Moore's daughter and LaQwenia Simon's son, Moore and Simon were involved in a physical altercation on October 14, 2019. Doc. #1 at 4. "Realizing the error of her ways, … Moore took responsibility for her involvement in the altercation and pleaded guilty to the criminal charge of Simple Assault on October 15, 2019 in the Clarksdale Municipal Court." *Id.* "Having full knowledge of the facts surrounding the charge, the Municipal Court Judge accepted [Moore]'s guilty plea and sentenced her accordingly." *Id.*

Later the same day, officers arrived at Moore's home "and barged into [her] home without consent, [or a] warrant." *Id.* at 5. "The officers explained to [her] that her name had came [sic] up at the police station, and they were instructed to go to her home to arrest her for a charge that she had previously pleaded guilty. However, this time the charge was being upgraded to a felony." *Id.* Moore was then "the subject of a subsequent criminal prosecution" initiated by District Attorney Brenda Mitchell and Assistant District Attorney Stephanie Brown. *Id.* at 5–6.

### B. Federal Claim

Regarding the § 1983 double jeopardy violation claim, Brown and Mitchell[5] argue they "are absolutely immune from suit for any claims based on their role in obtaining indictments against [Moore]" because "[a]ll of the alleged actions or inactions by [them] … in this matter have

---

[4] In her original complaint, Moore sued Mitchell only in her official capacity. Doc. #1 at 1. In the Court's December 22 order, "the § 1983 claims against Mitchell and Brown in their official capacities [were] dismissed." Doc. #65 at 10. So regardless of any argument to the contrary, there are no remaining federal law claims against Mitchell.

[5] Though Mitchell and Brown argue throughout that they are both immune to § 1983 claims, the Court acknowledges that there are no remaining § 1983 claims against Mitchell. *See* Doc. #65 at 10.

5

occurred during [Moore]'s criminal proceedings." Doc. #70 at 10. In the alternative, they argue that they are entitled to a qualified immunity defense because "Moore's constitutional claim lacks merit" and even if it had merit, Moore did not point "to clearly established law that would put [them] on notice."[6] *Id.* at 10, 13. Moore responds that Brown does not have absolute immunity for her investigative actions that led to the initiation of a second prosecution.[7] Doc. #75 at 4–5. Regarding the alternative arguments, Moore contends that the qualified immunity argument fails because her double jeopardy claim has merit. *Id.* at 6–7. Mitchell and Brown reply that "Moore does not make any factual allegations that could be construed as investigatory and those allegations she does make all fall squarely inside the cloak of prosecutorial immunity." Doc. #76 at 1.

"Although 42 U.S.C. § 1983 'on its face admits of no defense of official immunity,' it has long been recognized by the Supreme Court that Congress did not intend to abrogate immunities 'well grounded in history and reason.'" *Wearry v. Foster*, 33 F.4th 260, 265 (5th Cir. 2022) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993); *Tenney v. Brandhove*, 341 U.S. 367, 376 (1951)). In certain circumstances, prosecutors have absolute immunity, "which is analyzed under the 'functional approach.'" *Id*. (quoting *Buckley*, 509 U.S. at 269). Under the functional approach, courts consider (1) "'the immunity historically accorded the relevant official at common law,'" and (2) "the 'functions' of that historical official whose contemporary analogues should be afforded the same immunity." *Id*. (quoting *Buckley*, 509 U.S. at 269).

---

[6] They also argue that Moore's § 1983 supervisory liability claim against Mitchell fails as a matter of law because "[i]t is well-settled … that respondeat superior and other theories of vicarious liability do not apply to actions brought under § 1983." Doc. #70 at 14. There is no longer such a claim pending against Mitchell because Moore sued Mitchell only in her official capacity, Doc. #1, and the Court dismissed all § 1983 claims against Mitchell in her official capacity on December 22, 2022, Doc. #65 at 10.

[7] Presumably because the Court dismissed all § 1983 claims against Mitchell, Doc. #65, Moore does not mention Mitchell when responding to the absolute immunity arguments. *See* Doc. #75 at 4–6.

Historically, "[p]rosecutors are absolutely immune from § 1983 suits in their individual capacities for actions that are within the scope of their prosecutorial duties." *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Specifically, "prosecutors are absolutely immune from liability under § 1983 for their conduct in 'initiating a prosecution and in presenting the State's case.'" *Cousin v. Small*, 325 F.3d 627, 631 (5th Cir. 2003) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991)). Such immunity extends to "[t]he decision to file or not file criminal charges." *Quinn*, 326 F. App'x at 292. "In contrast, a prosecutor's investigative activities are not entitled to absolute immunity because investigation was not part of a prosecutor's traditional official functions." *Wearry*, 33 F.4th at 266 (cleaned up).

Moore's § 1983 double jeopardy violation claim against Brown alleges that Brown "initiat[ed] a subsequent criminal prosecution against [her] after knowing that the Municipal Court had previously adjudicated the offense." Doc. #1 at 8. But initiating a prosecutorial action against Moore falls squarely within the scope of Brown's duty to initiate and pursue a criminal prosecution, for which she has absolute immunity. *See Black v. Cox*, 466 F. App'x 321, 321 (5th Cir. 2012) ("A prosecutor is absolutely immune when he acts in his role as an advocate for the state by initiating and pursuing prosecution.") (cleaned up). Even if Brown violated Moore's constitutional right against double jeopardy while acting within the scope of her duty in initiating and pursuing the prosecution, she is still absolutely immune to the § 1983 double jeopardy claim in her individual capacity. *See Singleton v. Cannizzaro*, 956 F.3d 773, 779 (5th Cir. 2020) (in analyzing whether a prosecutor is liable under § 1983 in an individual capacity, stating that "a state prosecutor who acts 'within the scope of his duties in initiating and pursuing a criminal prosecution' is absolutely immune from § 1983 claims") (quoting *Imbler v. Pachtman*, 424 U.S. 409, 410 (1976)). And beyond the conclusory allegation that Brown is "liable to [her] concerning

7

[Brown's] investigative and administrative roles," Doc. #1 at 6, Moore does not allege any facts which, if taken as true, show Brown was acting in an investigatory role—rather than in a traditional prosecutorial role—when initiating the prosecution against her. *See Singleton*, 956 F.3d at 781, 783 (prosecutor acts in an investigative role when making decisions akin to those a police officer makes, such as information gathering, fabricating evidence during investigation of a crime, and ordering a search and seizure); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations.").

Because Brown is absolutely immune from Moore's § 1983 double jeopardy claim against her in her individual capacity,[8] Moore fails to state a claim upon which relief can be granted and the motion to dismiss this claim will be granted.

### C. State Law Claims

Mitchell and Brown argue they are immune to Moore's state law claims under the MTCA because "there are no allegations that [they] acted outside of their duties during the relevant period." Doc. #70 at 16, 18, 19.[9] Moore responds that the MTCA "does not shield ADA Brown from liability, in her individual capacity" because "it was not within the course and scope of ADA

---

[8] Even if Brown was not entitled to absolute immunity based on an investigatory capacity argument, she still would be entitled to qualified immunity as to Moore's remaining § 1983 claim against her. *See Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 276 (5th Cir. 2001) ("For 'acts of investigation or administration,' prosecutors are entitled to only qualified immunity.") (quoting *Buckley*, 509 U.S. at 269). While qualified immunity does not shield state prosecutors from money damages if "a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct," Moore does not plead such facts. *Fisher v. Moore*, 73 F.4th 367, 371 (5th Cir. 2023) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Regardless, Moore's constitutional claim—a double jeopardy violation—lacks merit for the reasons explained in this order. And Moore does not point to any clearly established law that would put Brown on notice that prosecuting a felony criminal case after a defendant pled guilty in a court without jurisdiction violates the Constitution.

[9] They also submit that they are immune to Moore's state law claims because they have sovereign immunity under the Eleventh Amendment. Doc. #70 at 19. Moore does not dispute the Eleventh Amendment argument because "Defendants' argument concerning sovereign immunity has already been decided by this Court." Doc. #75 at 11 n.3.

Brown's employment" to intentionally violate Moore's constitutional rights by charging her "with a felony after she had already pled guilty in municipal court,"[10] an argument Moore does not make as to Mitchell. Doc. #75 at 10. Moore "concede[s] that ADA Brown is immune from liability under the MTCA" in her official capacity if it is established that Brown acted solely within the scope of her duties with regard to Moore's state law claims. Doc. #75 at 11 n.3. Mitchell and Brown reply that the unconstitutional actions Moore alleges "involve the initiation of a felony criminal case against her" and "a prosecutor is immune from civil suit in 'initiating a prosecution and in presenting the State's case.'" Doc. #76 at 7 (citation omitted).

The "MTCA provides the exclusive remedy against a governmental entity or its employee for the act or omission which gave rise to the suit." *Moss Point Sch. Dist. v. Stennis*, 132 So. 3d 1047, 1050 (Miss. 2014). The MTCA provides in pertinent part:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> …
>
> (d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused.

Miss. Code Ann. § 11-46-9(1)(d). Under the MTCA, there is a "rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment." Miss. Code Ann. §11-46-7(7). But "an employee shall not be considered as acting within the course and scope of his employment … if the employee's

---

[10] Moore also responds that "the Court should refrain from dismissing this case at this stage in [the case] to allow [her] to engage in discovery." Doc. #75 at 10. The Court disagrees. Constitutional claims against defendants asserting immunity must survive a motion a dismiss without discovery. *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023).

9

conduct constituted fraud, malice, libel, slander, defamation or any criminal offense." Miss. Code Ann. §11-46-7(2).

Regarding the discretionary function exemption in § 11-46-9(1)(d), Mississippi courts apply a two-part "public-policy function" test to determine whether an act is within the scope of a government employee's discretionary function. *Bell v. Miss. Dep't of Hum. Servs.*, 126 So. 3d 999, 1004 (Miss. Ct. App. 2013). The first inquiry is whether the "'activity in question involved an element of choice or judgment.'" *Id.* (quoting *Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789, 795 (Miss. 2012)). If the activity did involve an element of judgment, the court must decide "'whether that choice or judgment involved social, economic, or political-policy considerations.'" *Id.* (quoting *Montgomery*, 80 So. 3d at 795). Activities that involve both an element of judgment and social, economic, or political-policy considerations are within the scope of a government employee's discretionary function. *Id.*

Moore's state law claims for negligence/gross negligence and negligent infliction of emotional distress against Mitchell and Brown are based on their actions relating to their initiation of the prosecution against her. Doc. #1 at 12. Their initiation of the prosecution against Moore falls squarely under the discretionary function exemption because it involves an element of judgment (choosing to proceed with prosecution) and is grounded in policy considerations (social, economic, and political-policy). *See Burnett v. Pearl River Basin Narcotics Task Force*, No. 2:10-cv-267, 2011 WL 4036688, at *6-7 (S.D. Miss. Sept. 12, 2011) (under Mississippi Code § 11-46-9(1)(d), seeking an indictment is plainly a "discretionary function" of state district attorney's office). Moore's argument that Brown is not immune under the MTCA because Brown was acting outside the scope of her prosecutor duties when she allegedly violated her federal constitutional right against double jeopardy is without merit. Jeopardy did not attach when Moore entered a plea

in the Clarksdale Municipal Court "[b]ecause the municipal court did not have jurisdiction to accept [her] plea [to simple assault], [such that] there [was] no bar to [Mitchell and Brown] proceeding with the simple assault on an educator charge against her." Doc. #40 at 9; *see Butler v. State*, 489 So. 2d 1093, 1094 (Miss. 1986) ("[A] court without jurisdiction to try the person for the crime charged cannot place the accused in jeopardy, any judgment that might be rendered would be absolutely void, and therefore would not bar subsequent prosecution for the same offense in a court of competent jurisdiction."). Consequently, Mitchell and Brown are immune to Moore's state law claims under the MTCA[11] and such claims will be dismissed.[12]

### D. Summary

Because Brown has absolute immunity against all § 1983 claims in her individual capacity and because under the MTCA Mitchell and Brown have immunity against Moore's state law claims, the motion to dismiss the remaining claims will be granted.

### IV
### Motion to Correct Proposed Amended Complaint

Moore moves to "correct" the proposed amended complaint attached to her motion for leave to amend for the sole purpose of "mak[ing] clear that she was no longer pursuing the state

---

[11] Mitchell and Brown also argue they are immune to Moore's state law claims under § 11-46-9(1)(a)—the judicial action exemption—which shelters both judicial action and quasi-judicial action. *Newton Cnty. v. State ex rel. Dukes*, 133 So. 3d 819, 826 (Miss. Ct. App. 2013), *rev'd on other grounds*, 133 So. 3d 805 (Miss. 2014). Mississippi courts turn to federal case law to ascertain whether certain conduct arises out of judicial action. *Matlock v. Bramlett*, No. 3:20-cv-381, 2021 WL 4434015, at *9 (S.D. Miss. 2021) (citing *Newton Cnty.*, 133 So. 3d at 826). The Fifth Circuit has held that initiating prosecutions and presenting the state's case are quasi-judicial actions for which state prosecutors are absolutely immune. *See Singleton*, 956 F.3d at 780. So to the extent Mississippi courts turn to federal case law to interpret quasi-judicial action and such includes initiating a prosecution, Mitchell and Brown are also immune under such exemption.

[12] Mitchell and Brown raise for the first time in their reply that the state law claims against them as public employees are not viable because "the Mississippi Supreme Court 'has been consistent in rejecting the viability of claims against public employees where their political subdivision employer has been eliminated as a defendant.'" Doc. #76 at 7 (quoting *Conrod v. Holder*, 825 So. 2d 16, 19 (Miss. 2002)). Because the Court "do[es] not entertain arguments raised for the first time in a reply brief," *Newman v. Plains All Am. Pipeline, L.P.*, 23 F.4th 393, 402 n.47 (5th Cir. 2022) (cleaned up), it will not address this argument.

law claims against the City of Clarksdale Defendants that the Court previously disposed of." Doc. #78 at 1. Regardless of Moore's intent, the claims against Mitchell and Brown in the proposed amended complaint attached to her July 14 motion to correct do not differ from the claims in the proposed amended complaint attached to her June 30 motion to amend. *Compare* Doc. #77-1, *with* Doc. #78-1. Because the proposed correction is intended only to omit claims this Court previously disposed of, there is no need to clarify what claims remain. For this reason and because, as explained below, Moore's June 30 motion to amend is futile, Moore's motion to correct will be denied.

## V
## Motion to Amend Complaint

Moore requests leave to amend her complaint to (1) provide additional facts to support her original claims; (2) add claims for malicious prosecution and civil conspiracy under § 1983 against Mitchell and Brown; and (3) "assert her claims against [Mitchell and Brown] in their individual capacities only."[13] Doc. #77 at 1–2. Mitchell and Brown argue that Moore's motion to amend is futile because they are immune to her claims. Doc. #80 at 1. Moore replies that they are not immune and the amendment is not futile because Mitchell and Brown "are not entitled to prosecutorial or qualified immunity;" and the "intentional torts, and the negligence-based claims are based upon actions done outside the course and scope of [their] employment" so they are not shielded by MTCA immunity. Doc. #82 at 2.

---

[13] The caption of the proposed amended complaint reflects that Moore sues Mitchell and Brown in their individual capacities. Doc. #77-1.

### A. Additional Proposed Factual Allegations

Moore's proposed amended complaint adds factual allegations regarding her § 1983 and Mississippi state law claims. First, she includes the following portion of the Coahoma County Circuit Court's decision dismissing her felony criminal case with prejudice:

> First, it is without dispute that the incident occurred in a public parking lot across from the school. ***The State has even admitted that this is a city owned, public parking lot…***Second, it is without dispute that Defendant Moore's children do not attend the school where Lagwenia Simon worked. At the May 10, 2022 hearing, Superintendent Joe Nelson testified that school had not started yet when the incident occurred…Further, Mr. Nelson testified that the incident did not occur on school property. It is clear that the matter was a personal dispute between Ms. Moore and Ms. Simon, and it had obviously nothing to do with Ms. Simon's job as a teacher. ***The State conceded this in their May 9, 2022 Response when they stated, 'the matter that prompted the assault is immaterial to the elements of the charge contained in the indictment and need not be a matter that was school related.'***…This was an altercation that took place between two women who had personal animosity with each other that had nothing to with the victim's job as a school teacher.

Doc. #77-1 at 5–6 (emphasis in original). She next alleges:

> DA Mitchell and ADA Brown knew that:
>     a. The incident between Plaintiff and Ms. Simon did not happen on school property;
>     b. Plaintiff's children did not attend the school where Ms. Simon worked;
>     c. School had not begun when the incident occurred; and
>     d. The dispute between Ms. Simon and Plaintiff had nothing to do with Ms. Simon's job as a teacher.

*Id.* at 6. Moore further alleges that Mitchell and Brown "knew that in order to charge [her] with assault on an educator, … Ms. Simon had to be within the course and scope of her duties as an educator." *Id.*

### B. Proposed Amended Claims

Mitchell and Brown argue amendment is futile because the additional factual allegations do not change that they "are entitled to prosecutorial and qualified immunities as to the remaining

13

federal claims against them" and the "state law claims are barred due to immunities provided by the MTCA." Doc. #80 at 1. Moore replies that Mitchell and Brown are not entitled to prosecutorial immunities or the immunities under the MTCA so the amendments are not futile. Doc. #82 at 3, 10.

As to the re-asserted § 1983 double jeopardy violation claims against Mitchell and Brown in their individual capacities,[14] Moore fails to plead specific facts in her proposed amended complaint that show Mitchell or Brown acting outside the scope of their duties as prosecutors. *See generally* Doc. #77-1. Rather, the new facts alleged indicate what Mitchell and Brown allegedly knew when making the decision to initiate and pursue a prosecution against Moore. Doc. #77-1 at 5–6, 8, 10. Such factual allegations only highlight Mitchell and Brown's considerations when deciding to initiate the prosecution, supporting the conclusion that they were acting within the scope of their duties as prosecutors. *See Cousin*, 325 F.3d at 631 ("[P]rosecutors are absolutely immune from liability under § 1983 for their conduct 'in initiating a prosecution and in presenting the State's case.'") (quoting *Burns*, 500 U.S. at 486). And though Moore contends these new alleged facts show Mitchell and Brown "recklessly disregarded their investigative duties when … institut[ing] a second prosecution," Doc. #77-1 at 8, she still does not assert any factual allegations to support the conclusion that Mitchell and Brown acted in an investigatory capacity. *See Singleton*, 956 F.3d at 783. Consequently, Moore's conclusory allegations that Mitchell and Brown acted in an investigatory capacity do not destroy their absolute prosecutorial immunity.[15]

---

[14] Moore asserts a § 1983 double jeopardy violation claim against Mitchell in her individual capacity for the first time in the proposed amended complaint. *Compare* Doc. #1, *with* Doc. #77-1.

[15] Even if Mitchell and Brown were not entitled to absolute immunity based on an investigatory capacity argument, they would still be entitled to qualified immunity against Moore's proposed amended § 1983 claims because (1) state prosecutors are entitled to qualified immunity for investigative acts—as discussed above; and (2) Moore's proposed amended § 1983 claims are not supported by any new facts that would change the Court's finding that she did not sufficiently allege a violation of a statutory or constitutional right that was clearly established at the time of the alleged

*See Collins*, 224 F.3d at 498 ("In order to avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations."). Therefore, Mitchell and Brown are absolutely immune to the amended § 1983 double jeopardy violation claims against them in their individual capacities.

As to the proposed amended complaint's state law claims for negligence/gross negligence and negligent infliction of emotional distress against Mitchell and Brown in their individual capacities,[16] Moore's proposed factual allegations fail to show Mitchell or Brown acting in a manner not shielded by the discretionary function exemption under the MTCA. *See* Doc. #77-1 at 5–6, 8, 13–14. As explained above, the proposed new factual allegations go to the merits of the prosecution's case against Moore, which only highlights that Mitchell and Brown were exercising their discretion as prosecutors in choosing to seek indictment. *See Burnett*, 2011 WL 4036688, at *7 (under § 11-46-9(1)(d), seeking an indictment is plainly a "discretionary function" of state district attorney's office). So nothing in the proposed amended complaint changes the fact that Mitchell and Brown are shielded by the MTCA's discretionary function exemption regarding the negligence/gross negligence and negligent infliction of emotional distress claims against them in their individual capacities.[17]

In sum, as to the § 1983 claims and state law claims in the proposed amended complaint, Moore fails to state a claim upon which relief can be granted. So amending the complaint to add

---

conduct. Accordingly, even if Moore pled sufficient facts in her proposed amended complaint to support her allegation that Mitchell and Brown were acting in an investigatory capacity, her proposed amended §1983 claims would still be futile.

[16] Moore asserts negligence/gross negligence and negligent infliction of emotional distress claims against Mitchell in her individual capacity for the first time in the proposed amended complaint. *Compare* Doc. #1, *with* Doc. #77-1.

[17] Mitchell and Brown also argue they are immune to Moore's amended state law claims under Mississippi Code § 11-46-9(1)(a)—the judicial action exemption. Doc. #80 at 18–21. For the same reasons discussed above, the Court agrees such exemption applies to the extent the judicial action exemption includes the quasi-judicial action of initiating a prosecution.

the proposed factual allegations as support for these claims would be futile. *Owens v. Mason*, No. 3-18-cv-200, 2018 WL 6580509, at *5 (S.D. Miss. Dec. 13, 2018) (proposed claim futile because the plaintiff "failed to plead specific facts" to state a claim upon which relief can be granted).

### C. Proposed Malicious Prosecution and Civil Conspiracy Claims

Moore's proposed amended complaint adds § 1983 claims for malicious prosecution[18] and civil conspiracy. Moore argues Mitchell and Brown acted maliciously when bringing a second criminal proceeding because they "lacked probable cause to bring the second criminal case" and "conspired with each other to institute a second prosecution against [her]" "with the goal of violating [her] constitutional rights." Doc. #77-1 at 14–15. Mitchell and Brown respond that their absolute prosecutorial immunity extends to these new proposed claims and, even if they are not absolutely immune, they have qualified immunity. Doc. #80 at 22. Moore replies that these immunities do not apply because both Mitchell and Brown were acting in an administrative or investigatory capacity. Doc. #82 at 3.

When asserting the malicious prosecution and civil conspiracy claims under § 1983, Moore relies on the same factual allegations discussed above,[19] which the Court has already determined fall within the scope of activity subject to absolute immunity. Therefore, Mitchell and Brown are

---

[18] Mitchell and Brown addressed the merits of a malicious prosecution claim under state law in the memorandum brief in support of their May 11 motion to dismiss. Doc. #70 at 14. Moore's complaint did not contain this claim. *See generally* Doc. #1. In her response to the motion to dismiss, Moore states, "Oddly enough, Defendants argue against a malicious prosecution claim. However, Plaintiff has not yet asserted such a claim. Nevertheless, Plaintiff intends to file a motion for leave to amend her complaint to assert a claim for malicious prosecution." Doc. #75 at 10 n.2.

[19] *See* Doc. #77-1 at 5–6, 8, 14–15.

16

absolutely immune to the new claims of malicious prosecution[20] and civil conspiracy.[21] *See Loupe v. O'Bannon*, 824 F.3d 534, 539 (5th Cir. 2016) (prosecutor absolutely immune from a suit for money damages based on malicious prosecution because prosecutors have absolute immunity for their role in initiating a prosecution). Moore's proposed amended complaint then fails to state claims for relief in that regard so amendment would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (amendment futile when "amended complaint would fail to state a claim upon which relief could be granted").

### D. Summary

Because Moore's proposed amended complaint does not survive a Rule 12(b)(6) analysis, Moore's motion to amend her complaint will be denied as futile.

---

[20] In the alternative, Mitchell and Brown argue they have qualified immunity against the malicious prosecution claim because in order to defeat a qualified immunity argument, a cause of action must exist at the time of the violation. Doc. #80 at 23. The Fifth Circuit did not recognize malicious prosecution as a "violation of the United States Constitution" until 2022, when the United States Supreme Court recognized malicious prosecution as protected under the Fourth Amendment. *Castellano v. Fragozo*, 352 F.3d 939, 942 (5th Cir. 2003); *see Thompson v. Clark*, 596 U.S. 36, 42 (2022) (recognizing malicious prosecution claim under the Fourth Amendment); *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (*Thompson* "overrul[ed] our precedent" that denied constitutional malicious prosecution claims). To defeat qualified immunity, Moore would need to show that the right against malicious prosecution was clearly established at the time of the alleged conduct. *Cooper v. Brown*, 844 F.3d 517, 522 (5th Cir. 2016). Because such right was not clearly established at the time of Mitchell and Brown's alleged conduct in 2019, Mitchell and Brown would be entitled to qualified immunity on the malicious prosecution claim. *See Guerra v. Castillo*, 82 F.4th 278, 289 (5th Cir. 2023) (affirming dismissal of Fourth Amendment malicious prosecution claim based on defendant's pre-*Thompson* conduct because "this court's caselaw explicitly disclaimed the existence [of such a claim] at the time of [defendant's] alleged conduct").

[21] In the alternative, Mitchell and Brown argue qualified immunity as to the civil conspiracy claim because Moore's underlying malicious prosecution claim is without merit. Doc. #80 at 24–25. As discussed above, a malicious prosecution constitutional claim did not exist as a cause of action at the time of the alleged violation. So Moore does not adequately allege a constitutional or statutory violation of a clearly established right. *See Mowbray*, 274 F.3d at 279; *Smith v. Heap*, 31 F.4th at 905, 911 (5th Cir. 2022).

## VI
## Conclusion

The motion to dismiss [69] is **GRANTED**. The remaining claims against Mitchell and Brown are **DISMISSED with prejudice**. Moore's motion to amend [77] and motion to correct [78] are **DENIED**.

**SO ORDERED**, this 27th day of March, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**