**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**LASHEA MOORE**                                                              **PLAINTIFFS**

**V.**                                        **CIVIL ACTION NO. 4:22-CV-41-DMB-DAS**

**THE CITY OF CLARKSDALE, MS, et al.**                          **DEFENDANTS**

**ORDER ON MOTION TO COMPEL AND TO AMEND CMO DEADLINES**

The plaintiff has moved to compel the defendant, Fernando Harris, to return to

Mississippi for an in-person deposition. The plaintiff first requested this deposition in September

of this year. Harris no longer works for the defendant city of Clarksdale and has relocated to

Texas. Defense counsel advised that he was in contact with Harris trying to coordinate his

deposition with times when he anticipated returning to the state to testify in criminal proceedings

in which he had participated as an officer. The criminal matters that would have required his

return to Mississippi since September have been resolved or delayed and Harris has not returned

to the state in the interim. Additionally Harris received some type of orthopedic injury which

necessitated surgery interfering with his ability to drive. Because of the timing and his current

injury, the defendant wishes to have his deposition taken via videoconferencing technology.

In addition to having the deposition taken in person, the plaintiff is requesting that expert

testimony designations be extended.

The court has considered the arguments of counsel and finds that it is appropriate under

the circumstances to deny the plaintiff's request to compel this defendant to return to this state

for a deposition. First, the defendant did not outright refuse to return to Mississippi, but rather

was attempting to coordinate the deposition for a time when he would otherwise be in the state.

With the use of current videoconferencing technologies, the difference between live testimony versus videoconferencing is much less significant than would be the case if a telephonic deposition was the only option. Finally, given the tight deadlines, the court anticipates that the deposition can be taken sooner via video.

Should the plaintiff experience substantial difficulties seriously impairing her ability to obtain an appropriate deposition because of it being conducted via videoconference, she may apply for further relief.

**IT IS, THEREFORE, ORDERED**, that the motion to compel the deposition to be taken live in Mississippi is denied, but the defendant shall make himself available for deposition, by videoconference, at the earliest possible date, but within one week of this order, unless otherwise agreed by the parties. The plaintiff is granted to and including January 2, 2025 to designate experts. The defendant is granted to and including January 23, 2025 to designate experts.

**SO ORDERED** this the 5th day of December, 2024.


**/s/ David A. Sanders**
**UNITED STATES MAGISTRATE JUDGE**